IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

IRVIN PAYNE                                                                          PLAINTIFF

v.                                                                             No. 4:25CV27-JMV

SUPERINTENDENT MCCLURE, ET AL.                                                      DEFENDANTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Irvin Payne, who challenges the conditions of his confinement under 42 U.S.C. § 1983. That statute provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.[1]

The plaintiff alleges that he was falsely accused of sexually assaulting another inmate – and was improperly found guilty of that prison rule violation during the prison disciplinary procedure. The court issued an order [17] for the plaintiff to show cause, within 21 days, why the instant case should not be dismissed with prejudice for failure to state a claim upon which relief could be granted. The plaintiff has not responded to the order; the deadline to do so has expired, and the matter is ripe for resolution. For the reasons discussed below, the instant case will be dismissed for failure to state a valid claim under 42 U.S.C. § 1983.

---

[1] *See* 42 U.S.C. § 1997e(a); *see also Williams v. Henagan,* 595 F.3d 610 (5th Cir. 2010) (PLRA applies when inmate is incarcerated at the time he files suit, even if he was released during pendency of suit).

**Factual Allegations[2]**

The plaintiff alleges that on March 22, 2024, in Unit 30 at the Mississippi State Penitentiary (MSP or Parchman), inmate Ketoris Burks told prison officials that the plaintiff had raped him. Doc. 1, p. 16. Staff issued a C-8 Rule Violation Report (RVR) that same day. *Id.* The plaintiff was transferred to the Walnut Grove Correctional Facility (WGCF or Walnut Grove), a more secure facility, where he attended a disciplinary hearing regarding the allegation on April 8, 2024. *Id.* He was found guilty of the violation by Hearing Officer Daphne Ellis – and was punished by removing all privileges for 3 to 6 months. *Id.* He appealed via the Administrative Remedy Program (ARP), and Mike Dixon upheld the guilty finding. *Id.*, p. 16-17. The plaintiff signed for receiving the response to the grievance on October 21, 2024. *Id.*, p. 17.

He told Corrections Investigation Division (CID) Officers Leonard Young and Andrew Young that he did not rape Burks, and they said that, based upon the camera footage, they believed him. *Id.* They also noted that Burks had later visited Payne's rack to buy drugs from him (which would indicate Burks' lack of fear of Payne) – and had later tested positive for methamphetamine. *Id.*, p. 17-18. There was no physical evidence of rape. *Id.*, p. 19.

**The Plaintiff's Arguments**

To support his claim that the disciplinary procedure violated his right to due process, Payne notes that no physical evidence was presented, and the CID officers found no evidence of rape when they reviewed the relevant camera footage. In addition, the plaintiff states that – after accruing him of rape – the alleged victim approached him to buy drugs – tending to show that he did not fear the plaintiff. These allegations and arguments are factors to consider in deciding whether Payne violated

---

[2] The court has drawn the allegations in this memorandum opinion from the plaintiff's complaint – and will, only for the purposes of this opinion – assume that they are true

prison rules; however, they are not dispositive in this case. The CID officers were not charged with deciding the issue; as such, their personal beliefs about the plaintiff's guilt do not bear on this case. In addition, the lack of physical evidence – and Burks' lack of fear in approaching the plaintiff – do not constitute definitive proof of the plaintiff's innocence. Ultimately, it was up to the hearing officer to weigh the facts and decide the issue – and for the staff reviewing his grievance to review that decision.

**Due Process in the Prison Context**

The plaintiff's allegations do not state a valid claim under 42 U.S.C. § 1983 because the punishment imposed was not severe enough to trigger due process protections. Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered to the prisoner was confinement in isolation.

The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 2301 and 2300. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the constitutional procedural protections afforded prisoners:

(1) Advanced written notice of the claimed violation;

(2) A written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken;

(3)  The ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons);

(4)  The ability to present documentary evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 563-567  (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was transfer to Walnut Grove, a more secure facility where he was placed in more restrictive custody.  Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*.  As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and they will be dismissed for failure to state a claim upon which relief could be granted.

### Conclusion

For the reasons set forth above, the plaintiff's allegations do not state a valid claim under 42 U.S.C. § 1983.  As such, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. § 1915(g).  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of April, 2026.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE